IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JAN HARRIS,
an individual

    *Plaintiff,*

v.

TD AMERITRADE INC.,
a New York corporation;

TD AMERITRADE CLEARING INC.
a Nebraska corporation;

SCOTTRADE INC.
an Arizona corporation;

DEPOSITORY TRUST AND CLEARING
CORPORATION,
A New York corporation;

DEPOSITORY TRUST COMPANY,
a New York corporation;

CEDE & CO.,
a New York partnership

    *Defendants.*

17 CV 6033

COMPLAINT FOR
INJUNCTIVE RELIEF,
AND DAMAGES

## COMPLAINT

Plaintiff, Jan Harris ("Harris") brings this action against Defendants TD Ameritrade Inc., TD Ameritrade Clearing Inc., Scottrade Inc., The Depository Trust & Clearing Corporation, The Depository Trust Company, and Cede & Co. and states and alleges the following:

1

## NATURE OF THE ACTION

1. This is an action to enforce Harris's constitutionally protected right to exclusive possession of her 2,420,000 shares of Bancorp International Group Inc. ("Bancorp") common stock which are now held in street name by Scottrade and TD Ameritrade. Harris (the principal) revoked the authority of her agents (the broker, the depository and the nominee) to hold legal title to her shares but the agents continue to hold legal title to her shares in "street name". The agents' conduct, individually and in concert, constitutes the common law tort of trespass. The defendants named in this complaint are the parties known to Harris who are participating in or facilitating the ongoing trespass. Harris seeks injunctive relief in order to enforce her right to perfect the title to her shares and enjoy exclusive possession of her shares. Perfecting her title and enjoining defendants' trespass takes nothing from the defendants. None of the defendants have ownership or possessory rights in the 2,420,000 shares of Bancorp which Harris is entitled to exclusive possession of. Damages as a consequence of defendants' ongoing trespass continue to accrue and are in excess of $10,000.00.

## JURISDICTION

2. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. To provide the relief Harris is requesting, the court must interpret the Exchange Act 1934 and determine whether Congress intended the Exchange Act or the rules and regulations thereunder to provide a legal privilege for any of the defendants to interfere with Harris enjoying exclusive possession of the 2,420,000 shares of Bancorp she owns.

3. This court also has jurisdiction pursuant to 28 U.S.C. § 1332. There is complete diversity among the parties and the amount in controversy exceeds $75,000.00.

2

## PARTIES

4. Plaintiff Jan Harris ("Harris") is an individual whose principal place of residence is the state of Oregon.

5. Defendant TD Ameritrade Inc. ("TDA") is a New York corporation. Defendant TD Ameritrade Clearing Inc., ("TDAC") is a Nebraska corporation. This complaint refers to TDA and TDAC collectively as "TD Ameritrade". Both are registered with the Securities and Exchange Commission ("SEC") and are members of the Financial Industry Regulatory Association ("FINRA"). TD Ameritrade acted as Harris's agent for the purchase of 900,000 of her shares of Bancorp and acts as her holding agent for those 900,000 shares. Harris's account with TD Ameritrade is non-discretionary. TD Ameritrade provides Harris periodic account statements showing her 900,000 shares of Bancorp are carried on her behalf in street name. As Harris's holding agent, TD Ameritrade has the fiduciary duties of good faith, loyalty and care for matters within the scope of their agency, and is required by law to faithfully follow Harris's instructions with respect to her 900,000 shares of Bancorp.

6. Defendant Scottrade Inc. is an Arizona corporation. Scottrade is registered with the SEC and is a member of FINRA. Scottrade acted as Harris's agent for the purchase of 1,520,000 of Harris's shares of Bancorp and acts as her holding agent for those 1,520,000 shares. Harris's accounts with Scottrade are non-discretionary. Scottrade provides Harris periodic account statements showing her 1,520,000 shares of Bancorp are carried on her behalf in street name. As Harris's holding agent, Scottrade has the fiduciary duties of good faith, loyalty and care for matters within the scope of its agency,

and is required by law to faithfully follow Harris's instructions with respect to her 1,520,000 shares of Bancorp.

7. Defendant the Depository Trust and Clearing Corporation ("DTCC") is a holding company incorporated under the laws of New York with its principal place of business in New York City. DTCC provides clearing, settlement, and custodial services for banks and brokers through its subsidiaries. DTCC is the parent company of defendant DTC and a partner of the Cede & Co. partnership.

8. Defendant the Depository Trust Company ("DTC"), is a limited purpose trust company incorporated under the laws of New York with its principal place of business in New York City. DTC is a self-regulatory organization ("SRO") registered with the SEC as a clearing agency and securities depository. DTC establishes securities accounts for its Participants (members) such as defendants Scottrade and TD Ameritrade to safeguard their customers' "street name" shares.

9. Defendant Cede & Co. is a partnership established under the laws of New York with its principal place of business in New York City. The Cede & Co. partnership is controlled by its partners, defendants DTC and DTCC. The sole business of Cede & Co. is to act as a nominee (agent) and hold bare legal title to financial assets such as shares of stock. Cede & Co is the registered holder of the shares on the issuer's books and typically issued one or more jumbo certificates which DTC safeguards in its vaults. Defendant DTC requires its members (or "Participants") such as Scottrade and TD Ameritrade to use a nominee approved by the DTC, such as Cede & Co., for the shares carried in their respective DTC accounts in order for DTC to carry the shares in a fungible pool. When one investor uses a broker such as Scottrade or TD Ameritrade to

buy shares of stock, the trade is brokered between DTC participants from their holdings in the DTC fungible pool. The equitable ownership of the shares transfers to the purchaser and the DTC and the respective intermediaries debit and credit their book accounts as appropriate. Unless and until a shareholder removes her shares from street name, the shares remain in the fungible pool and the legal title to the shares remains registered on the issuer's books in a DTC approved nominee name such as Cede & Co.

## FACTS

10. Harris is the true and equitable owner of a total of 2,420,000 shares of Bancorp held in "street name". Holding shares in street name means the legal title to Harris's shares is held on her behalf by a nominee (agent) who is the registered <u>holder</u> of the shares on Bancorp's books but the evidence of Harris as the true owner of the shares is recorded in the books and records of financial intermediaries such as Scottrade and TD Ameritrade. Harris fully paid for her 2,420,000 shares of Bancorp at the time of her purchases and received trade confirmations that all her purchases cleared and settled.

11. Harris's ownership of 900,000 shares of Bancorp is shown in the books and records of TD Ameritrade. TD Ameritrade holds Harris's shares of Bancorp registered in the street name of Cede & Co. in an account at the DTC. Harris is the equitable owner of 900,000 of the 117,427,010 shares of Bancorp that DTC records show are carried on DTC's books and credited to TD Ameritrade's DTC account. Under the applicable state and federal statutory schemes, Harris has a right to immediate and exclusive possession of 900,000 shares of Bancorp held on her behalf by defendant TD Ameritrade.

12. Harris's ownership of 1,520,000 shares of Bancorp is shown in the books and records of Scottrade. Scottrade holds Harris's shares of Bancorp registered in the street name of Cede & Co. in an account at the DTC. Harris is the equitable owner of 1,520,000 of the 48,780,942 shares of Bancorp that DTC records show are carried on its books credited to Scottrade's DTC account. Under the applicable state and federal statutory schemes, Harris has a right to immediate and exclusive possession of 1,520,000 shares of Bancorp held on her behalf by defendant Scottrade.

13. Bancorp is a Nevada corporation and by statute, shares of a Nevada corporation are personal property. (Nev. Rev. Stat. 78.240). Under the applicable state and federal statutory schemes, defendants DTC, Scottrade and TD Ameritrade act as conduits between Harris and Bancorp and are required by law to follow her instructions and pass through to Harris the economic and corporate rights inherent in the ownership of 2,420,000 shares of Bancorp.

14. When Harris wants to perfect her title and enjoy exclusive possession by holding the shares of Bancorp directly registered in her own name, it is a ministerial process where the amount of securities credited to the nominee record holder on Bancorp's books is adjusted and 2,420,000 of those shares are re-registered in Harris's name with Scottrade, TD Ameritrade and DTC adjusting their books accordingly. However, Bancorp's transfer agent requires authorization from the record holder (nominee) or a court order before it will perform the transfer of legal title to Harris on the issuer's books.

15. Defendant DTCC confirmed in April 2015 that Cede & Co. acts as a common nominee (agent) for shareholders whose shares are held in street name by DTC

Participants such as Scottrade and TD Ameritrade. As Harris's nominee, Cede & Co., is required to faithfully follow Harris's instructions with respect to the 2,420,000 shares of Bancorp including her instruction to authorize Bancorp's transfer agent to reregister 2,420,000 shares of Bancorp into Harris's name. Cede & Co obtains Harris's instructions from its partners, defendants DTC and DTCC, who in turn obtain Harris's instructions from Harris's agents Scottrade and TD Ameritrade.

16. Harris has the power and absolute right to revoke the authority of anyone to act as her agent or to act as her nominee. *See* Restatement (Second) Of Agency § 118 cmt. b (1958). Harris has revoked the authority of each defendant individually and collectively to act as her holding agent or as her nominee with respect to her 2,420,000 shares of Bancorp. Harris instructed the defendants to register 2,420,000 shares of Bancorp in Harris's name on Bancorp's books.

17. When Harris's agent or subagent exceeds his authority, or threatens to exceed his authority or fails to follow the lawful instructions of Harris or fails to surrender title to her property on her demand, the common law provides Harris a wide variety of remedies which include an injunction, an accounting, and actions in tort such as trespass. *See* Restatement (Second) of Agency § 399 (Remedies of a Principal); *Id.* § 402 (Liability For Value Of Principal's Property); *Id.* § 423 (Agents Holding Title).

18. Defendants Scottrade, TD Ameritrade, DTC, DTCC and Cede & Co. have not followed Harris's instructions and instead are continuing to hold Harris's shares in street name. By continuing to hold Harris's 2,420,000 shares in street name after Harris revoked their authority to do so, defendants' are in breach of the fiduciary duties of

loyalty, care and good faith which defendants owe to Harris with respect to the 2,420,000 shares of Bancorp they hold, or are responsible for holding, on her behalf.

19. By continuing to hold Harris's shares of Bancorp in street name after Harris revoked their authority to do so, all the defendants, individually and in concert with one another, are interfering with Harris enjoying exclusive possession and use of her personal property (2,420,000 shares of Bancorp). Defendants' conduct individually and in concert with one another constitutes an unlawful and ongoing trespass.

## **TRESPASS**

20. The right to exclude others is a fundamental element of private property ownership. The U.S. Constitution guarantees Harris the right to exclude agents, strangers and the government from interfering with her enjoying exclusive possession of her personal property. An owner's right to exclude has a correlative legal duty imposed on everyone not to trespass. In New York, and most other jurisdictions, trespass to personal property (trespass to chattel) is an intentional tort and the standard for trespass to chattels is based upon the standard set forth in the Restatement of Torts. Trespass does not require wrongful intent; it is not excused by reasonable care, good faith or ignorance of the true owner's rights; and it is not excused by mistake of fact or law. Trespass on Harris's personal property by a private party is legal only if the trespasser has the consent of Harris or the trespasser is privileged in law to trespass.

21. Despite that Cede & Co. is generally presumed to be the nominee for shares held in street name, the identity of the nominee holding title to Harris's shares of Bancorp was unknown to Harris prior to April 2015. The 2012 DTC records showed a total of 328,357,120 shares of Bancorp held by DTC on behalf of DTC Participants,

including Scottrade and TD Ameritrade, but those DTC records do not identify the nominee in which the shares are registered. Until April 2015, the evidence available to Harris was that only 645,806 shares of Bancorp common stock (not 328,357,120) were registered in the name of Cede & Co. on Bancorp's books and zero shares were registered in the name of DTC or DTCC. In April 2015 DTCC identified defendant Cede & Co. as the nominee in whose name Harris's shares of Bancorp are held.

## NEVADA STATE COURT PROCEEDINGS

22. In May 2016, Nevada attorney Michael J. Morrison filed on Harris's behalf a complaint against defendants DTC, DTCC and Cede & Co. in the Second Judicial District Court of the State of Nevada. (See *Harris v. Depository Trust Company*, CV16-00674). Harris filed her complaint in Nevada because Bancorp is a Nevada corporation, Bancorp's transfer agent is in Nevada and the shares of Bancorp may be deemed situated in Nevada for the purposes of determination of title and the transfer of record title. Harris did not name Scottrade or TD Ameritrade as defendants in her Nevada complaint. The relief Harris requested was: declaratory relief to determine that Harris holds superior title to the shares *vis a vis* DTC, DTCC and Cede & Co.; an injunction to stop the ongoing trespass; an accounting; and for a court order directing Bancorp's transfer agent to transfer on Bancorp's books the legal title to 2,420,000 shares from the name of Cede & Co. into Harris's name. That lawsuit was also intended to provide assurance to DTC and Cede & Co. that Harris is the rightful owner of 2,420,000 shares of Bancorp which DTCC confirmed in April 2015 are carried on the books of the DTC registered in the name of Cede & Co. However, DTC, DTCC and Cede & Co. did not account for Harris's 2,420,000 shares on Bancorp's books and instead filed a Motion to

Dismiss Harris's complaint under several grounds: lack of personal jurisdiction; that Harris failed to state a claim for relief; that Harris's claims are time barred, and that the SEC has primary jurisdiction over the matter. On January 31, 2017 the Nevada court granted DTC, DTCC and Cede & Co.'s Motion to Dismiss for lack of personal jurisdiction. The district court went on to find that under Nevada law, Harris's claims were barred by a statute of limitations. Harris is appealing the district court's dismissal of her Nevada complaint because, among other things, the Nevada district court failed to consider that under Nevada law, a statute of limitations does not bar Harris from perfecting her title to shares she already owns of a Nevada corporation or from obtaining injunctive relief to stop an ongoing trespass. Harris's appeal in Nevada is awaiting a decision. (*See* Nevada Supreme Court Dkt. No. 72529).

## COUNT I
### (An Accounting)

23.     Harris realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 22 above.

24.     Under New York law an independent action for an accounting may be sustained when the plaintiff has entrusted money or property to the defendant.

25.     Defendant Scottrade admits, and the evidence shows, Harris has entrusted to Scottrade for safekeeping her 1,520,000 shares of Bancorp common stock and that her shares are held in street name in Scottrade's DTC account.

26.     Defendant TD Ameritrade admits, and the evidence shows, Harris has entrusted to TD Ameritrade for safekeeping her 900,000 shares of Bancorp common stock and that her shares are held in street name in TD Ameritrade's DTC account.

10

27. Defendant DTCC confirmed on several occasions in 2014 and 2015 that the shares of Bancorp, which Scottrade and TD Ameritrade hold in their DTC accounts on behalf of their customers, are on deposit at the DTC and registered in the street name of Cede & Co.

28. Agents are fiduciaries within the scope of their agency. Trustees and agents holding title to property have similar fiduciary duties. The duty of a trustee is to account to the beneficiaries of the trust whereas the duty of an agent is to account to the principal. By virtue of Cede & Co. holding legal title to Harris's 2,420,000 shares of Bancorp in Scottrade's and TD Ameritrade's DTC accounts, Harris has a fiduciary relationship with Cede & Co. with respect to 900,000 shares of Bancorp common stock held in TD Ameritrade's DTC account, and with respect to 1,520,000 shares of Bancorp common stock held in Scottrade's DTC account.

29. In Harris's Nevada lawsuit filed in May 2016, Harris called upon defendants DTC and Cede & Co. to account for the legal title to 2,420,000 shares of Bancorp which Scottrade and TD Ameritrade hold on Harris's behalf in their respective DTC accounts. DTC and Cede & Co. have failed to account to Harris for the legal title to the 2,420,000 shares of Bancorp.

30. Harris has no adequate remedy at law to obtain an accounting from either DTC, DTCC, Cede & Co., Scottrade or TD Ameritrade for the legal title to 2,420,000 shares of Bancorp held on Harris's behalf credited to Scottrade's and TD Ameritrade's respective DTC accounts. Harris seeks an accounting from Scottrade, TD Ameritrade, DTC and Cede & Co. with regard to the legal title to 2,420,000 shares of Bancorp which Harris is entitled to exclusive possession of.

11

## COUNT II
### (Trespass)

31. Harris realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 30 above.

32. Harris has a right to immediate and exclusive possession of 2,420,000 shares of Bancorp common stock which defendants hold, or are responsible for holding on Harris's behalf in street name. At no time since Harris's purchase of the shares have either Scottrade, TD Ameritrade, DTC, DTCC or Cede & Co. asserted an ownership interest in the 2,420,000 shares of Bancorp they carry in street name on Harris's behalf.

33. Defendants' individually have a legal duty not to interfere with Harris enjoying exclusive possession of her 2,420,000 shares of Bancorp.

34. By continuing to hold Harris's 2,420,000 shares of Bancorp in street name after Harris revoked their authority to do so, Scottrade, TD Ameritrade, DTC, DTCC, and Cede & Co., individually and in concert with each other, are willfully, knowingly, intentionally and without privilege or consent interfering with Harris enjoying exclusive possession of her personal property.

35. By continuing to hold Harris's shares of Bancorp in street name, the defendants, individually and in concert with each other, are willfully, knowingly, intentionally and without privilege or consent interfering with Harris's statutory right to possess one or more stock certificates issued by Bancorp to evidence Harris's ownership of her 2,420,000 shares of Bancorp. (Nev. Rev. Stat. 78.235).

36. The defendants conduct, individually and in concert with each other, constitutes an ongoing trespass and violation of Harris's constitutionally protected right to enjoy exclusive possession of her 2,420,000 shares and her Nevada statutory right to

possess one or more Bancorp stock certificates issued by Bancorp representing her ownership of 2,420,000 shares of Bancorp common stock.

37. Harris has no adequate remedy at law to stop defendants' ongoing trespass. Defendants' ongoing trespass infers no rights of possession in any of the defendants nor does it provide any defendant a perpetual license to trespass.

38. Scottrade, TD Ameritrade, DTC, DTCC, and Cede & Co. individually and collectively are liable to Harris for all the consequences of the ongoing trespass.

39. As a result of defendants' ongoing trespass, Harris has been damaged in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Harris respectfully requests the Court to enter judgment against defendants, jointly and severally, as follows:

1. On **COUNT I,** an equitable accounting.

2. On **COUNT II**, that the Court issue permanent injunctive relief against defendants so that defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assignees, and all others in active concert or participation with defendants, be enjoined and restrained from interfering with Harris enjoying exclusive possession of 2,420,000 shares of Bancorp.

3. On **COUNTS I and II**, that the Court issue a mandatory injunction to order DTC, Scottrade, TD Ameritrade, Cede & Co. (and Cede & Co. partners DTCC and DTC) to take all necessary steps to account for and deliver to Bancorp or to Bancorp's transfer agent, in proper form, the necessary documents, endorsements and instructions to

transfer the legal title to 2,420,000 shares of Bancorp common stock into Harris's name on Bancorp's books.

4. That the court award Harris compensatory, consequential and exemplary damages in amounts to be proven at trial;

5. That the Court award Harris her attorney fees and other fees and costs incurred herein;

6. That the Court grant Harris such other or additional relief as is just and proper.

DATED: August 7, 2017

Respectfully submitted,

Jan Harris
PO Box 2901
Waianae, Hawaii 96792
541.207.4026
jhk29@hotmail.com
*Pro Se Plaintiff*

14

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| August 7, 2017 | *Jan E. Harris* (signature) |
|---|---|
| Dated | Plaintiff's Signature |
| Jan | Harris |
| First Name    Middle Initial | Last Name |
| PO Box 2901 | |
| Street Address | |
| Waianae | Hawaii    96792 |
| County, City | State    Zip Code |
| 541.207.4026 | jhk29@hotmail.com |
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☑ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

## Harris, Jan
Name (Last, First, MI)

| PO Box 2901, | Waianae | Hawaii | 96792 |
|---|---|---|---|
| Address | City | State | Zip Code |

| 541.207.4026 | | jhk29@hotmail.com | |
|---|---|---|---|
| Telephone Number | | E-mail Address | |

| August 7, 2017 | Jan E. Harris |
|---|---|
| Date | Signature |

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007