UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JAN HARRIS,

       Plaintiff,

  -v-                                                      No. 17 CV 6033-LTS-BCM

TD AMERITRADE INC., et al.,

       Defendants.

-------------------------------------------------------x

<u>MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION</u>

Plaintiff Jan Harris brings this action for trespass and an accounting against Defendants TD Ameritrade Inc., TD Ameritrade Clearing, Inc., Scottrade Inc. (collectively, the "Brokerage Defendants") and Defendants Depository Trust and Clearing Corporation, Depository Trust Company, and Cede & Co. (collectively, the "DTC Defendants"). The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332. On November 14, 2017, TD Ameritrade Inc., TD Ameritrade Clearing, Inc., and Scottrade filed motions to dismiss to dismiss the Complaint (docket entry no. 1, Compl.) or, in the alternative, to compel arbitration. (Docket entry nos. 23, 31.) That same day, the DTC Defendants also filed a motion to dismiss the Complaint. (Docket entry no. 27.) On August 15, 2018, Magistrate Judge Moses issued a Report and Recommendation proposing that the Brokerage Defendants' motions to compel arbitration and the DTC Defendants' motion to dismiss be granted, and that the case be stayed as against the Brokerage Defendants and dismissed with prejudice as against the DTC Defendants.

(Docket entry no. 59, the "Report.") Harris filed an Objection to the Report on August 30, 2018. (Docket entry no. 61, the "Objection.") Defendants filed their responses to the Objection, without making any objections of their own. (Docket entry nos. 63, 64, 65.) The Court has reviewed thoroughly all of these submissions.

When reviewing a Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C) (LexisNexis 2017). The Court must make a de novo determination to the extent that a party makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. Pearson-Fraser v. Bell Atl., 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003).

Harris objects primarily to the Report's failure to consider Harris' "claim to be a shareholder of record," which Harris contends is a "viable federal claim protected by the Due Process Clause of the Fifth Amendment," and "based on her liberty and property interests found in 17 C.F.R. § 240.15c3-3" ("SEC Rule 15c3-3"). (Objection at 4-5.) Harris argues that this Court should not adopt the Report and its recommended conclusion because the Report does not "correctly identify[] the source and nature of the property and liberty interests Harris seeks to vindicate." (Id. at 5.) To the extent that this objection raises an argument that was previously raised in opposition to Defendants' motions to compel arbitration and dismiss the Complaint, the Court finds that there is no clear error in Judge Moses' conclusion that both of Harris' claims in this action are premised on state law causes of action. The Complaint does not on its face present a constitutional due process claim, nor does it invoke SEC Rule 15c3-3. To the extent

that this objection raises a new legal argument for the first time, the Court finds that Harris has not presented a "compelling justification for failure to present such [arguments] to the magistrate judge" and the Court declines to consider it at this stage.  See Berbick v. Precinct 42, 977 F. Supp. 2d 268, 274 (S.D.N.Y. 2013).  The Court notes that, even if it were to consider Harris' constitutional due process argument, that argument would be unpersuasive for substantially the reasons identified by the DTC Defendants in their response to Harris' Objection.  (See docket entry no. 65 at 6-9.)

Harris next objects to the Report's conclusion that arbitration with the Brokerage Defendants should be compelled.  Specifically, Harris argues that her constitutional due process claim is outside the scope of her arbitration agreements with the Brokerage Defendants, and that FINRA's dismissal of previous claims against the Brokerage Defendants as "not eligible for arbitration" renders the arbitral forum unavailable for the adjudication of her constitutional due process claim.  Harris' interpretation of FINRA's dismissal decision ignores the fact that FINRA's dismissal of her re-filed claims was prompted by the Brokerage Defendants' request that FINRA's Director of Arbitration decline to permit the use of the FINRA arbitration forum because the "subject matter and relief sought" by the re-filed claims "are identical to that pursued" by Harris in earlier FINRA arbitrations.  (Docket entry no. 47, Second Page Decl. Ex. F.)  Because this objection relies, in part, on Harris' improper constitutional due process argument, and because nothing in the language of Harris' arbitration agreements or FINRA's dismissal decision suggests that Harris' constitutional due process claim cannot be arbitrated, this objection is overruled

Finally, Harris objects to the Report's conclusion that she has failed to state a claim for trespass.[1]  Relying once again on her contention that the Complaint asserts a constitutional due process claim, Harris argues that the Report "erroneously defined Harris's property by state commercial law instead of federal law," specifically, SEC Rule 15c3-3. (Objection at 37.)  To the extent that Harris' objection is premised on a federal law property right not previously alleged in her Complaint or advanced in connection with the DTC Defendants' motion to dismiss, the Court declines to entertain Harris' argument at this late stage.  To the extent that some version of this argument was presented in opposition to the DTC Defendants' motion to dismiss, the Court has reviewed Judge Moses' analysis of Harris' trespass claim <u>de novo</u> and for clear error, and finds no basis to sustain Harris' objection.  Regardless of the source of Harris' alleged property rights, as explained in the Report, Harris has failed to state a claim for trespass to chattels under New York law.  (<u>See</u> Report at 29-30.)

The Court has considered Harris' remaining objections and finds them to be without merit.  Accordingly, and for substantially the reasons set forth in Judge Moses' thorough and well-reasoned Report, the Court overrules Harris' Objection in its entirety and adopts Judge Moses' Report and its recommended conclusions.  Accordingly, the Brokerage Defendants' motions to compel arbitration and the DTC Defendants' motion to dismiss the Complaint are granted, and the case is hereby stayed and placed on the suspense calendar as to the Brokerage Defendants (TD Ameritrade Inc., TD Ameritrade Clearing, Inc., and Scottrade Inc.) and dismissed with prejudice as to the DTC Defendants (Depository Trust and Clearing Corporation, Depository Trust Company, and Cede & Co.).  This case is hereby stayed pending the arbitration of Harris' claims against the Brokerage Defendants.  The parties are directed to file a joint status

---

[1] In her Objection, Harris abandons her request for an accounting.  (<u>See</u> Objection at 31.)

report by April 5, 2019 and each January 5 and April 5 thereafter, stating whether this case should remain stayed, be restated to the active calendar, or be dismissed. This Memorandum Order resolves docket entry nos. 23, 27, 31 and 61.

      SO ORDERED.

Dated: New York, New York
       September 24, 2018

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          United States District Judge

Copy mailed to:
Jan Harris
PO Box 2901
Waianae, HI 96792