UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JAN HARRIS,

       Plaintiff,

  -v-                                               No.  17 CV 6033-LTS-BCM

TD AMERITRADE INC., et al.,

       Defendants.

-------------------------------------------------------x

MEMORANDUM ORDER

       Pro se Plaintiff Jan Harris, who is the owner of 2,420,000 shares of penny stock issued by Bancorp International Group, Inc. ("Bancorp"), brings this action seeking to register her Bancorp shares in her own name and obtain physical stock certificates evidencing her title. (See docket entry no. 1, the "Complaint".)  On September 24, 2018, the Court issued a Memorandum Order (docket entry no. 66, the "2018 Order") adopting Magistrate Judge Moses' August 15, 2018, Report and Recommendation (docket entry no. 59, the "Report") addressing Plaintiff's trespass and accounting claims against Defendants TD Ameritrade Inc., TD Ameritrade Clearing, Inc. (together "TD Ameritrade"), and Scottrade Inc. ("Scottrade" and, collectively, the "Brokerage Defendants"), and Depository Trust and Clearing Corporation, Depository Trust Company, and Cede & Co. (collectively, the "DTC Defendants").[1]  The 2018 Order granted the Brokerage Defendants' motion to compel arbitration and the DTC Defendants' motion to dismiss Plaintiff's Complaint, stayed the case pending the arbitration of Plaintiff's

---

[1]     The Court assumes the parties' familiarity with the background of this case, which is laid out in detail in the Report.

claims against the Brokerage Defendants, and dismissed Plaintiff's Complaint against the DTC Defendants with prejudice.  (See 2018 Order at 4-5.)

Thereafter, Plaintiff filed a series of motions seeking, among other things, (i) reconsideration of the 2018 Order or, in the alternative, (ii) certification of an interlocutory appeal of the 2018 Order (docket entry nos. 67, 72); and (iii) leave to supplement her Complaint to "include the compensation owed to me by the [D]efendants for their continued use of my shares of Bancorp that has accrued since I filed my complaint in August 2017" (docket entry no. 86).  On July 9, 2019, the Court issued a Memorandum Order denying Plaintiff's motion for reconsideration and certification.  (See docket entry no. 91 (the "July 9, 2019, Order"), at 3-4.)  On July 15, 2019, the Court issued a Memorandum Order denying Plaintiff's motion to supplement her Complaint, explaining that, "[b]ecause Plaintiff is required by her arbitration agreements with the Brokerage Defendants to arbitrate 'any controversy' [with them]," her proposed supplemental claims would also have to be arbitrated.  (See docket entry no. 92 (the "July 15, 2019, Order"), at 2.)

On February 23, 2020, Plaintiff informed the Court that the Financial Industry Regulatory Authority (FINRA)-sponsored arbitration forum had denied her use of its forum to pursue her supplemental claims, on the basis that Plaintiff's claims "have been previously considered in the FINRA arbitration forum and denied in FINRA arbitration cases 11-00018 and 13-02446" (respectively, the "2011 Award" and the "2014 Award").  (See docket entry no. 99.)

Now before the Court are three separate motions filed by Plaintiff: (1) a motion to lift stay and for leave to file a first amended complaint (docket entry no. 103, the "Motion for Leave to Amend"); (2) a motion for immediate possession of 2,420,000 shares of Bancorp International Group Inc. Common Stock (docket entry no. 105, the "Motion for Immediate

Possession"); and (3) a motion for a declaratory judgment (docket entry no. 109, the "Motion for a Declaratory Judgment").  By order dated March 13, 2020, the Court has stayed Defendants' time to respond to the motions pending the Court's initial review.  (Docket entry no. 108).

The Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332.

The stay imposed by the 2018 Order is hereby lifted to the extent necessary for consideration of Plaintiff's motions.

The Court has considered Plaintiff's submissions carefully and, for the reasons that follow, Plaintiff's motions for leave to file a first amended complaint, for immediate possession of her Bancorp Shares and for a declaratory judgment are denied.  As the arbitration proceedings contemplated by the stay have been concluded, the Clerk of Court will be directed to enter judgment dismissing Plaintiff's Complaint.

DISCUSSION

The Motion for Leave to Amend

In what she styles as a motion for leave to amend her Complaint, Plaintiff in essence seeks the Court's reconsideration of: 1) the July 9, 2019 Order, to the extent the Court found "that it would be futile for me to amend my complaint to state a standalone claim arising under SEC Rule 15c3-3"; and 2) the 2018 Order, to the extent the Court "dismiss[ed] with prejudice [ ] my trespass claims against [the DTC Defendants]."  (See Notice of Plaintiff's Motion to Lift Stay and for Leave to File a First Amended Complaint, docket entry no. 103.)

Reconsideration pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 6.3 is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp.

2d 613, 614 (S.D.N.Y. 2000) (citations and quotation marks omitted).  Such a motion is not intended to be a vehicle for a party dissatisfied with a court's ruling to advance new theories that the movant failed to advance in connection with the underlying motion, nor to secure a rehearing on the merits with regard to issues already decided.  Griffin Indus., Inc. v. Petrojam, Ltd., 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999).  "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  Virgin Atl. Airways Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citation and quotation marks omitted).

Reconsideration of the July 9, 2019, Order

In its July 9, 2019 Order, the Court declined to reconsider its 2018 Order, which, in relevant part, overruled Plaintiff's objections to the Report's failure to consider her claims "based on her liberty and property interests found in 17 C.F.R. § 240.15c3-3" ("SEC Rule 15c3-3").  2018 Order at 2; July 9, 2019, Order at 2-3.  The July 9, 2019, Order found that the Complaint does not refer to SEC Rule 15c3-3 on its face, nor can it "state a standalone claim under SEC Rule 15c3-3, which does not create a private cause of action."  See July 9, 2019, Order at 3 (citing Harris v. TD Ameritrade, Inc., 805 F.3d 664 (6th Cir. 2016) (finding SEC Rule 15c3-3 "does not create a private right of action" and "the Supreme Court presumes that when a statute contains an enforcement mechanism but does not expressly provide a private remedy, Congress did not mean to permit private enforcement of the statute.") (internal quotation marks omitted); see also Alexander v. Sandoval, 532 U.S. 275, 287, (2001).  Accordingly, the Court found that "leave to amend would be futile and, at this late stage, contrary to the interests of judicial economy."  July 9, 2019, Order at 3 n.1.

Plaintiff has failed to set forth a legal or factual basis warranting reconsideration of the Court's futility finding with respect to her proposed SEC Rule15c3-3 claim; she has not identified any intervening change in controlling law, new evidence, or manifest injustice, and the Court finds no clear error in its decision.  Plaintiff merely advances new theories with regard to SEC Rule 15c3-3's imposition of fiduciary duties on Defendants, which the Court finds unavailing.  In any event, even if Plaintiff had made a sufficient showing, and demonstrated that the Court had the equitable powers to imply a private right of action here, amendment and further prosecution of Plaintiff's Complaint against the Brokerage Defendants remains impermissible because "Plaintiff is required by her arbitration agreements with the Brokerage Defendants to arbitrate 'any controversy' with the Brokerage Defendants," including her claims for immediate possession of fully paid for securities.  July 15, 2019, Order at 2 (citing Report at 13, 15).  Plaintiff's exhaustion of her opportunities in FINRA's arbitration forum, which has rejected her claims as already considered, does not entitle her to litigate her claims in this Court.  For these reasons, reconsideration of the July 9, 2019, Order is denied and the Court's determination that Plaintiff cannot litigate her Rule 15c3-3 claims against the Brokerage Defendants in this forum stands.

<u>Reconsideration of 2018 Order</u>

Plaintiff also requests the Court "reconsider its interlocutory dismissal of my trespass claims" against the DTC Defendants with prejudice "[b]ecause the [C]ourt misunderstood the law my trespass claims are predicated on."  Motion for Leave to Amend at 4.  Plaintiff's request is denied as belated and supported by no valid legal or factual basis for reconsideration of the earlier dismissals.

Plaintiff's motion for leave to amend her Complaint is, accordingly, denied in its entirety.

The Motion for Immediate Possession

In reliance on her proposed first amended Complaint, Plaintiff requests the Court issue an order compelling Defendants to "take all necessary steps to . . . transfer the legal title to 2,420,000 shares of Bancorp common stock into [Plaintiff's] name on Bancorp's books." See Plaintiff's Notice of Motion for Immediate Possession, docket entry no. 105, at 1-2.  In the alternative, Plaintiff requests the Court order and authorize Plaintiff to "obtain, by private treaty, 2,420,000 shares of Bancorp common stock in certificate form, and to charge TD Ameritrade for all costs, and expenses, including attorney fees" Plaintiff incurs to obtain and register the shares in her name on Bancorp's books.  Id. at 2.

In light of the Court's merits dismissal of Plaintiff's claims against the DTC Defendants, the dismissal of her claims against the Brokerage Defendants and the denial of Plaintiff's motions for reconsideration and for leave to amend her Complaint, and for substantially the reasons set forth above and in the Court's previous decisions in this case, Plaintiff's motion for immediate possession of 2,420,000 Bancorp shares of common stock is denied.

The Motion for a Declaratory Judgment

Finally, Plaintiff requests the Court declare that the FINRA 2011 and 2014 Awards in favor of Defendants Scottrade and TD Ameritrade, respectively, are without preclusive effect as to the matters before this Court.  As explained in Judge Moses' Report, the claims asserted by Plaintiff in those proceedings were based on the dispute regarding the Bancorp shares, and Plaintiff's agreements with the Brokerage Defendants were for binding

arbitration.  See Report at 6-7, 15-16.  It does not appear that Plaintiff ever sought to vacate or modify the 2011 or 2014 Awards.  Id. at 6-7.  Thereafter, Plaintiff filed two more arbitration claims against each of the Brokerage Defendants, again seeking physical stock certificates for her Bancorp shares.  Id. at 7.  FINRA also dismissed the claims on the merits.  Id. at 7-8, 17.

Now that Plaintiff has brought and lost on her arbitration claims against the Brokerage Defendants on three separate occasions, Plaintiff attempts to evade the unfavorable resolutions by moving this Court to declare the initial 2011 and 2014 Awards as non-preclusive in an attempt to litigate the same claims.  Plaintiff has proffered no valid legal or factual basis for a declaration that the Awards, rendered as final pursuant to binding arbitration agreements, are not preclusive.  Her motion for declaratory judgment is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motions for leave to amend her Complaint, immediate possession of her Bancorp holdings, and for a declaratory judgment are denied.  The Clerk of Court is directed to enter judgment dismissing Plaintiff's claims against Defendants TD Ameritrade Inc., TD Ameritrade Clearing, Inc., and Scottrade Inc., without prejudice to arbitration, and dismissing claims against Defendants Depository Trust and Clearing Corporation, Depository Trust Company, and Cede & Co. with prejudice, in accordance with the 2018 Order.  The Clerk of Court is further directed to close this case.

This memorandum order resolves docket entry nos. 103, 105, and 109.

SO ORDERED.

Dated: New York, New York
June 10, 2020

                                              /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             United States District Judge